## In re a MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 95-91

February 5, 1992

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Petitioner, Isa-Lei F. Iuli

The natural parents petition to terminate their parental rights to their three-year-old minor child so that she may be available for adoption by her paternal grandparents.

In these matters, we are required to inquire whether the relinquishing parents have been properly counselled and fully advised as to the consequences of their petition, A.S.C.A. § 45.0402(d) and (g), and

whether granting the petition would best serve the interests of all parties concerned, A.S.C.A. § 45.0402(e), (g). While there was a sufficient showing on the first statutory requirement, we found that the evidence presented on the second requirement focused largely on the adult parties' needs --- the natural parents' love for the aging grandparents and the latter's need for filial companionship and care, the grandparents' desire to legally formalize a family tradition and their concern for the natural father's availability to attend to his duties as a matai of the family. The evidence, however, failed to adequately address the future needs and welfare of the very young child before the Court.

Unless relinquishment can be found to enhance a child's best interests, the court is not permitted to grant the petition. A.S.C.A. § 45.0102(a)(1); In re Two Minor Children, 12 A.S.R.2d 87 (1989). A relinquishment petition not only seeks the termination of parental rights but also the termination of a child's legal right to look to his or her parents for support. The court has therefore taken care to ensure that there be some "net benefit" to the minor before visiting upon him or her a change in legal status. In re Two Minor Children, 11 A.S.R.2d 108, 109 (1989); In re A Minor Child, 7 A.S.R.2d 115 (1988); see also In re A Minor Child, 13 A.S.R.2d 33 (1989); In re A Minor Child, 12 A.S.R.2d 15 (1989).

In the present matter the grandparents are leading citizens in the community and are financially well off. We are satisfied that they undoubtedly have the superior financial resources to care for the child's "present" needs. At the same time, we have no doubt about the strong love which they have for their grandchild. On the other hand, the natural parents are young and able-bodied; they are both gainfully employed and appear to be mature, responsible, and caring parents --- indeed, the child remains in their care and custody during the school days. They also acknowledge that in the natural course of things the child would be their responsibility when the grandparents are no longer able to provide for the child. In these circumstances, we conclude that from the child's point of view, her "future" needs would appear to be better secured by her remaining legally dependent on her own parents and that they remain legally obligated to provide for her.

This is not to say that adoption in accordance with Samoan custom may not continue to inure and that the grandparents may not continue to love and provide for the child. But a change in legal status is neither in the child's best interest nor necessary to facilitate customary adoption. The petition is dismissed.